VALLEY OUTDOOR, INC., a California Corporation, et al., Plaintiffs—Appellants,

v.

COUNTY OF RIVERSIDE, a political subdivision of the State of California, Defendant—Appellee.

No. 02–55475.

D.C. No. CV–00–00498–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided May 23, 2003.*

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Plaintiffs–Appellants Valley Outdoor ("Valley") and Regency Outdoor Advertising ("Regency"), two billboard companies, challenge the constitutionality of two different versions of Defendant–Appellee Riverside County's sign ordinance, claiming that both versions violate the First Amendment. They maintain that both versions of the ordinance impose impermissible restrictions on speech, favor commercial over noncommercial speech, and confer unbridled discretion on County officials to grant or deny sign permits. They also maintain that the "grandfather" provi-

* Withdrawn, redesignated as opinion, see 2003 WL 21757155.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sion contained in the new version of the sign ordinance is specifically targeted at their billboards and constitutes an attempt by the County to single them out for retribution. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ The district court granted summary judgment to the County. It held that, because the Original Ordinance was unconstitutional in some unspecified respect, the "grandfather" provision of the New Ordinance that incorporated the unconstitutional provisions, § 19.2(f)(1), was itself unconstitutional insofar as it referenced those provisions. Nonetheless, the district court concluded that summary judgment was appropriate because the grandfather provision, insofar as it was unconstitutional, was severable from the rest of the New Ordinance, including its constitutional zoning, size, and height restrictions on outdoor signs. We agree with the district court's conclusion that the unconstitutional aspects of the grandfather clause of the New Ordinance are severable from the rest of the New Ordinance. We also find that, while neither ordinance is a model of statutory clarity, the content-neutral zoning, size, and height provisions in both ordinances are constitutional and severable, and thus would be independently enforceable regardless of any other constitutional issues in either of them.

Whether one portion of an ordinance is severable from another is a question of state law. See Leavitt v. Jane L., 518 U.S. 137, 139, 116 S.Ct. 2068, 135 L.Ed.2d 443 (1996); City of Auburn v. Qwest Corp., 260 F.3d 1160, 1180 (9th Cir.2001). The California Supreme Court has held that there are three criteria for severability under California law: the provision must be grammatically, functionally, and volitionally separable. Calfarm Ins. Co. v. Deukmejian, 48 Cal.3d 805, 821, 258 Cal. Rptr. 161, 771 P.2d 1247 (1989). See also

Santa Barbara Sch. Dist. v. Superior Court, 13 Cal.3d 315, 330, 118 Cal.Rptr. 637, 530 P.2d 605 (1975) (holding that severability "is possible and proper where the language of the statute is mechanically severable, that is, where the valid and invalid parts can be separated by paragraph, sentence, clause, phrase, or even single words") (emphasis in original). "The final determination depends on whether the remainder ... is complete in itself and would have been adopted by the legislative body had the latter foreseen the partial invalidity of the statute ... or constitutes a completely operative expression of the legislative intent ... [and is not] so connected with the rest of the statute as to be inseparable." Calfarm, 48 Cal.3d at 821, 258 Cal.Rptr. 161, 771 P.2d 1247 (quoting Santa Barbara Sch. Dist., 13 Cal.3d at 331, 118 Cal.Rptr. 637, 530 P.2d 605) (alterations in original) (internal quotation marks omitted).

■ Both the "grandfather" provision and the zoning provisions of the New Ordinance meet these criteria. Grammatical severance is not a problem because both provisions are self-contained. Functionally, the statute remains perfectly operational without the grandfather provision, and the zoning, size, and height restrictions also function independently. And, in terms of legislative intent, the New Ordinance, without the "grandfather" provision and with the zoning, size, and height restrictions, remains perfectly consonant with the County's statement of legislative purpose and intent, which provides, inter alia:

Because Riverside County is a large, diverse and rapidly expanding jurisdiction, the Board of Supervisors finds that proper sign control is necessary for aesthetic and safety reasons. More specifically, proper sign control is necessary to provide for the preservation and pro-

tection of open space and scenic areas, the many natural and man-made resources, and the established rural communities within Riverside County. Proper sign control also safeguards the life, health, property and public welfare of Riverside County residents by providing the means to adequately identify businesses and other sign users, by prohibiting, regulating and controlling the design, location and maintenance of signs, and by providing for the removal and limitation of sign use. It is the intent of this ordinance to provide for such control.

New Ordinance, § 19.1. Finally, the zoning, size, and height restrictions are themselves constitutional because they are content-neutral "time, place, and manner" restrictions that are "justified without reference to the content of the regulated speech, ... serve a significant governmental interest, and ... leave open ample alternative channels for communication of the information." *Metromedia, Inc. v. San Diego*, 453 U.S. 490, 516, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981) (plurality opinion) (quoting *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 771, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976)) (internal quotation marks omitted).

Accordingly, we conclude that the appellants' billboards are illegal for one simple reason: they fail to meet the content-neutral zoning, size, and height restrictions in both the Original Ordinance and the New Ordinance. Insofar as the appellants' claim for damages based on the unconstitutionality of the Original Ordinance remains live, no damages are warranted because the subject billboards were "independently" illegal under that ordinance's

content-neutral zoning, size, and height provisions, which are the same as those in the New Ordinance.

AFFIRMED